## Jared Ingersoll *against* Thomas Bradford.

The defendant in a feigned issue to try the validity of a will, must pursue the words of the order of the register's court.

THIS was a motion by the plaintiff for a rule to plead by the first day of the next term, entered 14th December 1801.

The cause was a feigned issue to try the validity of a will.

On the 31st December 1798, a paper was filed in the register's office of the county of Philadelphia, dated 23d April 1793, purporting to be the last will of William Bradford, esq., and republished on the 19th August 1795.

On the 27th February 1799, a *caveat* was filed by the defendant.

The following proceedings took place in the register's court, held at Philadelphia on the 25th November 1801, and continued by adjournment to the 5th December 1801.

Whereas upon the hearing of the above cause, litigated before the register's court, upon a certain instrument of writing, bearing date 23d April 1793, purporting to set forth the contents of the last will and testament of William Bradford, esq., late of the city of Philadelphia deceased, the original whereof the said Jared

[Ingersoll *v.* Bradford.]

alledged was unadvisedly destroyed by the said William Bradford during his life, when *non compos mentis;* and a dispute has arisen between the said parties, whether the said will was and continued to be of force at and after the time of the death of the said William, and whether the said Jared is intitled to the probate of the said writing, or to any, and what part thereof ; and the said Jared hath requested, that an issue may be directed to try the said facts ; it is hereby ordered by the court, that an \*176] action \*on the case be entered in the court of Common Pleas of Philadelphia county, as of the ensuing December term, in the name of Jared Ingersoll against Thomas Bradford, and that the plaintiff declare as upon a discourse had and moved between him the said Jared and the said Thomas, of and concerning whether the said William Bradford on the said 23d April 1793, made a last will and testament as set forth in writing, or if agreeable to the principles and rules of law in any and what part of the said writing, and whether the same was and continued to be in force at the time of the death of the said William ; and upon a wager in consequence thereof, the said Jared averring the affirmative of the question, and the said Thomas denying the same, so that the issue aforesaid may be fairly tried. And if the jury shall find for the plaintiff, that they shall find the same will, or such part thereof as shall be proved, if agreeable to the rules and principles of law, as set forth in the said writing, upon the trial of the said issue *in hæc verba;* and the same shall be returned to the register, and letters testamentary granted accordingly, for so much as shall be found by the said jury as aforesaid.

And it is further ordered, that the circumstances of the said wager laid in the declaration shall be confessed, so that the trial may be had on the merits only, and the costs of suit shall follow the verdict ; but that the said verdict shall not give to either party a right to recover the sum laid in the declaration.

CHARLES SWIFT, Register.

John D. Coxe, Pres. of Com. Pleas, 1st. Dist. Penns.
J. B. Smith, Associate Judge, Philad. county.

The plaintiff's declaration consisted of two counts.

The first count set forth the whole will *in hæc verba,* the different devises, and bequests therein contained, and the appointment of Joshua M. Wallace, Elias Boudinot and the said Jared Ingersoll, as executors ; there was an averment therein, that the paper contained the contents of the will. Its phraseology was in the first person.

The second count set out the will, omitting fourteen of the legacies contained in the former count, and the appointment of Jared Ingersoll as sole executor. The words used therein run in the third person.

The defendant's counsel insisted, that he was not bound to

plead to the declaration as filed, by reason of its variance from the decree of the register's court.

The first count is somewhat exceptionable; but the last is wholly inadmissible.

*The first count avers, that the paper set forth contained the contents of the will. This statement would [*177 render the witnesses and jurors, judges of the law, as well as of the fact; the order of the register's court is, that if the jury find for the will, they should find it in *hæc verba*.

The second count refers to a certain other writing, which never was filed with the register, nor any *caveat* entered against it. It does not state the will in *hæc verba*, but gives the relation of a witness respecting it, using the words in the third person. No ascertained form of expression as used by the testator, is pretended to herein, which only could secure certainty.

The register's power is founded on positive law. The act of June 1712, which is still in force as to this point, directs, that where objections are made, or *caveats* entered against the proving of any will, or granting letters of administration, &c., the register shall call in two or more justices of the Common Pleas, to decide thereon. Penns. Laws, 59. Miller's ed. The act of 13th April 1791, § 18, declares, that the register's court shall at the request of either party, send an issue into the Court of Common Pleas of the county, upon a dispute upon fact arising before them to try the said facts. 2 St. Laws, 98. It is therefore a specific will against which the *caveat* may be filed, and the register's court can send but one issue to be tried.

If the jury should find for the plaintiff on the second count of this declaration, it could not possibly be sent back to the register nor admitted to probate. The garbling of a will, as in the present instance, would inevitably produce serious injustice. Both wills cannot be established, because they are inconsistent and materially different. Fourteen legacies are left out in the second count, and the share of the residuary legatee is increased in the same proportion. The plaintiff could not swear that he believed the second count contained the last will of William Bradford. We will readily plead, if the ancient form of declaring in feigned issues is adhered to.

The plaintiff's counsel urged, that fictions shall never be used, so as to defeat the ends of justice. Doug. 108. The true question is whether the paper produced, or any part of it, can be set up as the will of William Bradford. The substantial point should always be kept in view. There is no precise form of declaring on a wager; different modes have been adopted. We have pursued a precedent, which occurs in Sherid. Prac. B. R. 552. Our second count is inserted, to stop up every loop-hole.

The plaintiff contends, that if the destruction of the will by the testator in a fit of insanity can be established by two witnesses, particular devises may be proved by one witness. He

[Doughty's Lessee v. Browne et e contra.]

further contends, *that if the substance of the will thus destroyed can be established by two witnesses, or if a part thereof can be thus established, that he is intitled to the probate of the whole will, or such part as can thus be made out by due proof; and such is the order of the register's court. But the defendant's objections to the second count go to shew, that a destroyed will can in no instance be set up ; and that the contents or substance thereof are of· no moment, though they have been preserved with the greatest degree of correctness. The formal ascertained expressions of the testator cannot be shewn, when the paper containing them no longer exists.

The first count is said to be somewhat exceptionable, but is not much objected to. They thereby admit, that either the whole will or a part of it may be established.

The effect thereof would be precisely the same, as is objected to on the second count. The plaintiff asks for the trial of one issue only, on two counts of the same nature and subject matter. The insertion of the second count is deemed material : but the court will adopt the best method of ascertaining the truth of the disputed facts between the parties.

BY THE COURT. The feigned issue is grounded on the order of the register and the assistant judges. The pleadings must be conformable thereto, and should pursue the terms of their decree. The defendant is not bound to plead to this declaration ; and the rule to plead must be discharged.

Afterwards on motion of the defendant's counsel a rule was granted, that the plaintiff should file a declaration within two months, in which the wager should be stated in the words of the order of the register's court, or that a *non pros.* be entered.

Messrs. E. Tilghman and Rawle, *pro quer.*

·Messrs. Lewis and Todd, *pro def.*